UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Dominguez Cisneros,

        Petitioner,

v.                                                          Civil No. 13-700 (JNE/JJK)
                                                        ORDER

Janet Napolitano, Secretary of
the Department of Homeland
Security; Eric Holder, Attorney
General of the United States;
Scott Baniecke, Field Office
Director, Immigration and
Customs Enforcement; Bob
Kindler, Freeborn County
Sheriff,

        Respondents.

This case is before the Court on a Report and Recommendation issued by the Honorable Jeffrey J. Keyes, United States Magistrate Judge, on April 22, 2013. The magistrate judge recommended that Petitioner Robert Dominguez Cisneros's Petition for Writ of Habeas Corpus be denied. Dominguez objected to the Report and Recommendation, and the Government responded. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b).

Under 8 U.S.C. § 1226(c), Immigration and Customs Enforcement ("ICE") is required to detain certain categories of aliens "when the alien is released" from state custody. Dominguez, having been convicted in state court of a drive-by shooting, is included in one of those categories, and he does not dispute his conviction. He argues that the statutory mandate of detention does not apply to him because ICE did not immediately take custody of him upon his release from prison. The Court recognizes that district courts are split on whether the detention requirement of § 1226(c) applies if the alien is not taken into ICE custody immediately upon release from state custody as opposed to at some later time. *Compare Gomez-Ramirez v. Asher*,

1

No. C13-196-RAJ, 2013 WL 2458756, at *5 (W.D. Wash. June 5, 2013); *Baquera v. Longshore*, No. 13-cv-543-RM-MEH, 2013 WL 2423178, at *4 (D. Colo. June 4, 2013); *with Johnson v. Orsino*, No. 12 Civ. 6913 (PKC), 2013 WL 1767740, at *6–7 (S.D.N.Y. Apr. 24, 2013) (collecting cases); *Khetani v. Petty*, 859 F. Supp. 2d 1036, 1038–39 (W.D. Mo. 2012). Only two circuit courts have addressed this issue, and both have held that a criminal alien who was not immediately taken into immigration custody after release from state custody is still subject to mandatory detention under § 1226(c). *See Sylvain v. Attorney General of the United States*, 714 F.3d 150, 161 (3d Cir. 2013); *Hosh v. Lucero*, 680 F.3d 375, 381 (4th Cir. 2012). The Court finds the reasoning in these circuit cases to be persuasive. Section 1226(c) is ambiguous, and applying *Chevron* deference to the interpretation of the statute by the Board of Immigration Appeals in *In re Rojas*, 23 I. & N. Dec. 117 (BIA 2001), the statute subjects to mandatory detention aliens who have not been detained immediately upon their release from state custody. *Hosh*, 680 F.3d at 380.

The Report and Recommendation's analysis hinges on applying *Chevron* deference to the BIA's interpretation of the statute in *Rojas*; the Court agrees with the Report and Recommendation that *Chevron* deference is appropriate. Moreover, § 1226(c) mandates detention of certain categories of criminal aliens who are not immediately detained upon leaving state custody because the statute's text "does not explicitly remove that [mandatory detention] authority if an alien has already left custody." *Sylvain*, 714 F.3d at 157; *see Hosh*, 680 F.3d at 382. The statute was written to protect the public. *See Sylvain*, 714 F.3d at 161; *Hosh*, 680 F.3d at 381. Nothing in its terms confers substantive rights of release on an alien covered by § 1226(c)(1)(A)–(D).

Therefore, IT IS ORDERED THAT:

1. Dominguez's Petition for Writ of Habeas Corpus [Docket No. 1] is DENIED.

2. This case is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 3, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
